UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN PRICE,<br><br>        Plaintiff,<br><br>    v.<br><br>TWITTER, INC.,<br><br>        Defendant. | Case No. 22-cv-03173-SK<br><br>**NOTICE OF QUESTIONS**<br><br>Regarding Docket No. 40 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 14, 2022, AT 9:30 A.M. The Court intends to address the questions below at the hearing. The Court advises the parties that it will not accept written answers to these questions.

The parties shall be prepared to address the following questions at the hearing:

(1) Twitter argues that Plaintiff does not allege that Twitter *disclosed* her email address and phone number to advertisers but only that *Twitter* matched her email address and phone number with advertiser's lists of email addresses and phone numbers. However, in her Complaint, Plaintiff alleges that Twitter allowed "*advertisers* to target specific groups of Twitter users by *matching* the telephone numbers and email addresses that Twitter collects to the advertisers' existing lists of telephone numbers and email addresses[]" and "*advertisers* to import marketing lists from data brokers . . . to *match* against the telephone numbers and email addresses collected by Twitter." (Dkt. No. 1 (Compl.), ¶ 26 (emphasis added). In addition, Plaintiff alleges that *Twitter* wrongfully *used* Plaintiff's email address and phone number. (*Id*., ¶¶ 3, 5 ("Twitter was also using this Personal Information . . . in its marketing products, thereby permitting advertisers to target specific groups of Twitter uses by making the telephone numbers and email addresses that Twitter collected. . . .");

27 (". . . Twitter did not disclose, or did not disclose adequately, that it used these telephone numbers and email addresses to target advertisements to those users . . ."). What does Plaintiff allege that Twitter did with her email address and phone number – *disclose* it to advertisers or *use* it for advertising purposes?

(2) Twitter's Privacy Policy attached as Exhibit B to the Declaration of Susan E. Engel provides:

> You can choose to share additional information with us like your email address, phone number, address book contacts, and a public profile. We use this information for things like keeping your account secure and showing you more relevant Tweets, people to follow, events, and ads.
>
> . . . We give you control through your settings to limit the data we collect from you and how we use it, and to control things like account security, marketing preferences, apps that can access your account, and address book contacts you've uploaded to Twitter.

(Dkt. No. 29-1, Ex. B.) Twitter's Privacy Policy also states that users may "opt out of interest-based advertising at https://optout.aboutads.info." (*Id*.) Could Twitter users opt out such that Twitter could not use or disclose their email addresses and phone numbers with advertisers? If so, why or why not would this ability to opt-out cure any alleged breach of contract or other violation connected with the use or disclosure of Plaintiff's email address and telephone number?

(3) Twitter's Privacy Policy also states:

> You can choose to share additional information with us like your email address, phone number . . . . We use this information for things like keeping your account secure and showing you more relevant Tweets, people to follow, events, and ads.
>
> . . .
>
> We use your contact information, such as your email address or phone number, to authenticate your account and keep it - and our services - secure, and to help prevent spam, fraud, and abuse. We also use contact information to enable certain account features (for example, for login verification or Twitter via SMS), and to send you information about our services, and to personalize our services, including ads.

(Dkt. No. 29-1, Ex. B.) Why or why not was this sufficient to put Plaintiff on notice that her email address and phone number would be used to show her advertisements? In other

2

words, in light of these statements, on what basis does Plaintiff allege that Twitter breached the statements in the Privacy Policy quoted in Plaintiff's opposition brief regarding giving Twitter users control over Twitter's use and disclosure of their data and personal information?  (*See* Dkt. No. 34 at pp. 11-12.)

(4) Even if Plaintiff alleges that Twitter shares her email address and phone number with advertisers, at most she alleges that Twitter allows advertisers to match users' email addresses and phone numbers with lists the advertisers or third parties have already collected.  In other words, Twitter users' email addresses and phone numbers have already been collected by others and Twitter does not disclose this information for the first time.  Therefore, on what basis does Plaintiff contend that the *matching* diminished the value of her email address and phone number or caused her other harm?  On what authority does Plaintiff rely?

(5) On what basis does Plaintiff contend that she lacks an adequate remedy at law necessary for equitable relief?  Where in the Complaint does she make such allegations?

(6) What damages, if any, does Plaintiff allege that she incurred as a result of Twitter's alleged breach of contract or breach of implied contract?

(7) Why or why not did Twitter's public announcement in October 2019 not put Plaintiff on notice for her claims and start the accrual of statute of limitations?

(8) Although a plaintiff may plead inconsistent theories of recovery, such as claims alleging both the existence and the absence of an enforceable contract "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

invalid." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020).  What facts does Plaintiff plead, or could Plaintiff plead, to suggest that the express contract with Twitter in the Privacy Policy is unenforceable?

**IT IS SO ORDERED**.

Dated: November 3, 2022



SALLIE KIM
United States Magistrate Judge