1  LATHAM & WATKINS LLP
   Elizabeth L. Deeley (CA Bar No. 230798)
2   elizabeth.deeley@lw.com
   Whitney B. Weber (CA Bar No. 281160)
3   whitney.weber@lw.com
   505 Montgomery Street, Suite 2000
4  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
5
   Michele D. Johnson (CA Bar No. 198298)
6   michele.johnson@lw.com
   650 Town Center Drive, 20th Floor
7  Costa Mesa, California 92626-1925
   Telephone: +1.714.755.8113
8
   Susan E. Engel (*Pro Hac Vice*)
9   susan.engel@lw.com
   Margaret A. Upshaw (*Pro Hac Vice*)
10  maggie.upshaw@lw.com
   555 Eleventh Street, NW, Suite 1000
11 Washington, D.C. 20004-1304
   Telephone: +1.202.637.3309
12
   *Attorneys for X Corp., successor in interest to*
13 *named defendant Twitter, Inc.*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                              **OAKLAND DIVISION**

| | |
|---|---|
| 18  LAUREN PRICE, et al., individually and on behalf of all others similarly situated, | Case No. 4:22-cv-03173-HSG |
| 19 | **ADMINISTRATIVE MOTION TO ENFORCE ORDER REGARDING CONSOLIDATION AND REASSIGN TO MAGISTRATE JUDGE SALLIE KIM** |
| 20   Plaintiffs, | |
| 21   v. | |
| 22  TWITTER, INC., | Hon. Haywood S. Gilliam |
| 23   Defendant. | |
| 24  HENRY YEH, individually and on behalf of all others similarly situated, | Case No. 4:23-cv-01790-HSG |
| 25   Plaintiff, | Hon. Haywood S. Gilliam |
| 26   v. | |
| 27  TWITTER, INC., | |
| 28   Defendant. | |

X Corp., successor in interest to named defendant Twitter, Inc. ("Twitter"), submits this administrative motion, pursuant to Civil Local Rule 7-11(a), to enforce the Order Regarding Consolidation (*Price*, Dkt. 53) and the parties' Stipulation to Consolidation (*Price*, Dkt. 51), and to reassign cases *Price, et al. v. Twitter, Inc.*, Case No. 22-cv-03173 and *Yeh v. Twitter, Inc.*, Case No. 23-cv-01790 to the Honorable Sallie Kim.

On May 31, 2022, Plaintiff Price filed a class action complaint against Twitter. *Price*, Dkt. 1. Both parties consented to magistrate judge jurisdiction, and the case proceeded before the Honorable Sallie Kim. *Price*, Dkts. 12, 23. Twitter moved to dismiss the *Price* complaint on August 15, 2022. *Price*, Dkt. 29. That same day, a complaint involving substantially the same allegations and claims was filed under the caption *Gianakopoulus, et al. v. Twitter, Inc.*, Case No. 22-cv-04674. Henry Yeh ("Yeh") was among the named plaintiffs in the *Gianakopoulus* case. *Gianakopoulus*, Dkt. 1 ¶ 10. On August 29, 2022, all plaintiffs in the *Gianakopoulus* action, including Yeh, consented to magistrate judge jurisdiction. *Gianakopoulus*, Dkt. 14. Shortly after that, Magistrate Judge Kim related and stayed the *Gianakopolous* action pending resolution of the *Price* case. *See Price*, Dkt. 38; *Gianakopoulos*, Dkt. 27.

On December 6, 2022, Magistrate Judge Kim granted Twitter's motion to dismiss the *Price* complaint, with leave to amend. *See Price*, Dkt. 50. On December 22, the parties in *Price*, *Gianakopoulus*, and a related case entitled *McClellan v. Twitter, Inc.*, Case No. 22-cv-04758, stipulated to consolidate all three cases before Magistrate Judge Kim and to a deadline for filing a Consolidated Amended Complaint. *Price*, Dkt. 51. The stipulation stated in pertinent part: "The *Price*, *McClellan*, and *Gianakopoulos* Actions currently pending in this District and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this District shall be consolidated pursuant to Fed. R. Civ. Proc. 42(a) before the Honorable Judge Sallie Kim[.]" *Price*, Dkt. 51 at 2. On January 6, 2023, Magistrate Judge Kim issued an order consolidating the actions. *Price*, Dkt. 53.

Following consolidation, Plaintiffs in the *Price*, *Gianakopoulos*, and *McClellan* actions filed a Consolidated Amended Complaint on February 6, 2023. *Price*, Dkt. 56. The Amended Complaint named all of the same named Plaintiffs, *except* for Plaintiff Henry Yeh. *Price*, Dkt. 56.

1  Twitter filed a motion to dismiss the Amended Complaint on March 1, 2023, and a hearing was
2  set for May 8, 2023, before Magistrate Judge Kim.  *Price*, Dkt. 59.

3  On March 10, 2023, while the *Price* motion to dismiss was pending, Plaintiff Henry Yeh—
4  through the same counsel as the federal action—filed a new action, this time in California state
5  court ("State *Yeh* Action").  *See Henry Yeh v. Twitter, Inc.*, Case No. CGC-23-605100 (San
6  Francisco Sup. Court).  That complaint in the State *Yeh* Action is identical to the *Price* Amended
7  Complaint.  *See Price*, Dkt. 67 (administrative motion to relate explaining that both complaints
8  allege the same causes of action based on the same allegations, on behalf of the same putative
9  class).  Given the pendency of the *Price* Amended Complaint, and the fact that the State *Yeh* Action
10 seeks to proceed on behalf of a nationwide class plainly subject to federal jurisdiction under the
11 Class Action Fairness Act, Twitter removed the State *Yeh* Action on April 13, 2023.  Twitter also
12 asked Plaintiff Yeh to consent to a motion to relate *Yeh* to *Price*, such that both cases would
13 proceed before Magistrate Judge Kim.  *See* Civ. L. R. 3-12(f)(3) (describing process for assigning
14 judges when cases are related); *Price*, Dkt. 67-1.  Plaintiff Yeh agreed, and Magistrate Judge Kim
15 granted the motion to relate on April 26.  *Price*, Dkt. 68 (order); *Price*, Dkt. 67, 67-1 (motion and
16 declaration).

17 On April 28, the Clerk of Court issued a notice for the parties to consent or decline the
18 jurisdiction of a magistrate judge in *Yeh*.  *Yeh*, Dkt. 12.  Notwithstanding Plaintiff Yeh's prior
19 consent to magistrate judge jurisdiction before Magistrate Judge Kim had issued her decision
20 granting Twitter's motion to dismiss; the parties' stipulation to consolidate all related actions
21 before Magistrate Judge Kim (also before her decision); and his agreement to relate *Yeh* to the
22 *Price* action pending before Magistrate Judge Kim, Plaintiff Yeh, through the same counsel,
23 *declined* consent to Magistrate Judge Kim's jurisdiction on May 2, 2023.  *Yeh*, Dkt. 13.  Because
24 Magistrate Judge Kim had related *Price* and *Yeh*, that declination removed both cases from
25 Magistrate Judge Kim, who had previously adjudicated the *Price* case with the consent of all
26 parties.  Accordingly, the *Price* hearing set for May 8 was vacated.  *Price*, Dkt. 70.

27 Twitter respectfully requests that the Court enforce the prior consolidation order and
28 stipulation, and hold Plaintiffs to their prior consent to magistrate jurisdiction for purposes of these

cases. While any party may decline the jurisdiction of a magistrate judge for any reason in the first instance, Civ. L. R. 73-1, once a party has consented to such jurisdiction, consent may be withdrawn only for "good cause upon [the court's] own motion," or upon a showing of "extraordinary circumstances" by the requesting party. *E.D. v. Cnty. of Contra Costa*, No. 20-CV-03014-SK (JSW), 2022 WL 1015992, at *2 (N.D. Cal. Apr. 5, 2022) (describing the "high bars" for withdrawing consent, and denying withdrawal motion where plaintiff "expressly and impliedly consented to magistrate jurisdiction"); *see also Branch v. Umphenour*, 936 F.3d 994, 1004-05 (9th Cir. 2019) (emphasizing that "mere dissatisfaction with a magistrate judge's decision" is not a permissible basis for withdrawing consent); *Richson-Bey v. Watrous*, No. 1:21-CV-01482-GSA-PC, 2022 WL 3585515, at *1-2 (E.D. Cal. Aug. 22, 2022) (explaining that the high bar for withdrawal of consent is "designed to prevent litigants from shopping between a magistrate and a district judge"). Here, Plaintiff Yeh expressly consented to magistrate judge jurisdiction in his original and very similar federal action, *see Gianakopoulos*, Dkt. 14; entered into a stipulation to permit that action and "any other action **arising out of the same or similar operative facts** now pending or hereafter filed in, **removed to**, or transferred to this District" to be consolidated "before the Honorable Judge Sallie Kim," *Price*, Dkt. 51 (emphasis added); and consented to Magistrate Judge Kim's jurisdiction by agreeing not to oppose Twitter's motion to relate *Yeh* to the *Price* action pending before Magistrate Judge Kim, *Price*, Dkts. 67, 67-1. Plaintiff Yeh cannot show any extraordinary circumstances that would allow his declination now. Magistrate Judge Kim has handled closely related actions (including Plaintiff Yeh's own federal action) for nearly a year. And while Twitter would, of course, have no objection to proceeding before this Court in normal circumstances, Twitter believes that judicial efficiency counsels strongly in favor of reassigning both cases to Magistrate Judge Kim.

For the foregoing reasons, Twitter respectfully requests that this Court enforce the order and the parties' prior stipulation regarding consolidation; consolidate the *Yeh* action with the *Price* action; and reassign the case to Magistrate Judge Kim in accordance with the agreement and prior consent of all parties.

| | | |
|---|---|---|
| 1 | Dated:  May 5, 2023 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By:  /s/ Elizabeth L. Deeley |
| | | Elizabeth L. Deeley (CA Bar No. 230798) |
| 4 | | elizabeth.deeley@lw.com |
| | | Whitney B. Weber (CA Bar No. 281160) |
| 5 | | whitney.weber@lw.com |
| | | 505 Montgomery Street, Suite 2000 |
| 6 | | San Francisco, California 94111-6538 |
| | | Telephone: +1.415.391.0600 |
| 7 | | |
| | | Michele D. Johnson (CA Bar No. 198298) |
| 8 | | michele.johnson@lw.com |
| | | 650 Town Center Drive, 20th Floor |
| 9 | | Costa Mesa, California 92626-1925 |
| | | Telephone: +1.714.755.8113 |
| 10 | | |
| | | Susan E. Engel (*Pro Hac Vice*) |
| 11 | | susan.engel@lw.com |
| | | Margaret A. Upshaw (*Pro Hac Vice*) |
| 12 | | maggie.upshaw@lw.com |
| | | 555 Eleventh Street, NW, Suite 1000 |
| 13 | | Washington, D.C. 20004-1304 |
| | | Telephone: +1.202.637.3309 |
| 14 | | |
| | | *Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.* |
| 15 | | |